THE STATE ex rel. SECURITY INSURANCE COMPANY v. JAMES ELLISON et al., Judges of Kansas City Court of Appeals.

In Banc, February 13, 1917.

CERTIORARI: Quashing Judgment in Like Cases.  Where suit was brought on policies of fire insurance against several insurance companies, and appeals were taken by all the defendants from judgments in favor of plaintiff to the Court of Appeals, and in that court the cases were submitted together, the questions involved being the same in all, and that court rendered an opinion in only one of them, disposing of the others by memorandum opinions referring for their rulings to the opinior. in the one case, and that opinion is quashed on *certiorari* as being in conflict with the prior rulings of this court, the judgments in the other cases will also be quashed upon *certiorari*.

Certiorari.

State ex rel. v. Ellison.

JUDGMENT QUASHED.

*Bruce Barnett* and *Doyle C. McDonough* for relator.

*Lathrop, Morrow, Fox & Moore, Charles M. Howell* and *Joseph S. Brooks* for respondents.

WALKER, J.—Relator seeks by *certiorari* to quash the judgment of the Kansas City Court of Appeals in the case of Terminal Ice & Power Company, appellant, v. The Security Insurance Company, respondent. The Terminal Ice & Power Company had brought suit on policies of fire insurance against several companies, among others the relator and the American Fire Insurance Company. After judgments in favor of plaintiff the cases were appealed to the Kansas City Court of Appeals, where the judgments were reversed and the cases remanded. [187 S. W. 564.] The cases were submitted together, the questions involved being the same in all. The opinion of the Court of Appeals was rendered in the case against the American Fire Insurance Company and was applicable in its reasoning and conclusions to the other cases. Each of the other cases was disposed of by a memorandum opinion referring for its ruling to the American Fire Insurance Company case. In a *certiorari* proceeding in this court the judgment of the Kansas City Court of Appeals in that case was quashed. [State ex rel. v. Ellison, 269 Mo. 410.] It therefore follows that the judgment of the Kansas City Court of Appeals in the instant case should be quashed for the reasons stated in our opinion in the American Fire Insurance Company case. It is so ordered. All concur except Bond, J., not sitting.